# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

NOER FARES, individually and on behalf of
all others similarly situated,

    Plaintiff,

  v.                                       Case No. 21-CV-753

H, B, & H, LLC, d/b/a On the Border
Gentlemen's Club, GERALD HAY, and
DOES 1-10,

    Defendants.

## DECISION AND ORDER ON DEFENDANTS' PARTIAL MOTION TO DISMISS

        Noer Fares files this collective action complaint against her former employer H, B, & H, LLC d/b/a On the Border Gentlemen's Club ("OTB"), Gerald Hay, and Does 1-10 (collectively "the defendants") for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, specifically, failure to pay minimum wages, failure to pay overtime wages, taking illegal kickbacks, unlawful taking of tips, and forced tip sharing. (Docket # 1.) Defendants move to dismiss Fares' minimum wage claim (First Cause of Action), overtime wage claim (Second Cause of Action), and unlawful taking of tips claim (Fourth Cause of Action), for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). While Fares does not oppose dismissal of her overtime wage claim without prejudice (Second Cause of Action) (Pl.'s Br. in Opp. at 9, Docket # 15), she opposes the remainder of defendants' motion. For the reasons below, defendants' motion to dismiss is granted in part and denied in part.

## BACKGROUND

Fares was employed as an exotic dancer/entertainer at OTB from approximately June 2018 until May 2021. (Compl. ¶¶ 29, 50.) The primary duty of an entertainer at OTB is "to dance and entertain customers, and give them a good experience. Specifically, an entertainer performs stage and table dances, and entertains customers on an hourly basis . . . all while semi-nude." (*Id.* ¶¶ 30–31.) Fares alleges that defendants exercised a great deal of operational and management control over the subject clubs, particularly in the areas of terms and conditions of employment applicable to dancers and entertainers; yet defendants allegedly categorized all of its dancers and entertainers as "independent contractors" and refused to pay hourly wages and/or a salary. (*Id.* ¶¶ 27–28, 56.)

Specifically, Fares alleges that defendants set prices for all performances; set the daily cover charge for customers and/or members to enter the facility; controlled: which customers and/or members were allowed in the facility, the music for the entertainers' performances, and the means and manner in which the entertainers could perform; exercised significant control over the entertainers during their shifts and would demand the entertainers pay to work a particular shift; had the authority to suspend, fire, fine, or otherwise discipline entertainers for non-compliance with their rules; and reserved the right to decide what the entertainers were allowed to wear. (*Id.* ¶¶ 34–41.)

Fares alleges that defendants did not pay entertainers on an hourly basis (*id.* ¶ 33) and that she was compensated exclusively through customer tips (*id.* ¶ 42). Fares further alleges that defendants required her to share her tips with the defendants and other non-service employees who do not customarily receive tips, including the managers, disc jockeys, and bouncers. (*Id.* ¶ 43.) She alleges that defendants willfully violated the FLSA by:

failing to pay a minimum wage pursuant to 29 U.S.C. § 206 (First Cause of Action); taking illegal "kickbacks" in violation of 29 C.F.R. § 531.35 (Third Cause of Action); unlawfully taking tips in violation of 29 U.S.C. § 203 (Fourth Cause of Action); and forcing tipping in violation of 29 C.F.R. § 531.35 (Fifth Cause of Action). (Compl. ¶¶ 99–105, 114–39.)

## APPLICABLE RULE

Defendants move to dismiss several of Fares' causes of action pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A short and plain statement "'gives[s] the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41 (1957)). In order to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

When determining the sufficiency of a complaint, the court should engage in a two-part analysis. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). First, the court must "accept the well-pleaded facts in the complaint as true" while separating out "legal conclusions and conclusory allegations merely reciting the elements of the claim." *Id.* (citing *Iqbal*, 556 U.S. at 680). Next, "[a]fter excising the allegations not entitled to the presumption [of truth], [the court must] determine whether the remaining factual allegations 'plausibly suggest an entitlement to relief.'" *Id.* (citing *Iqbal*, 556 U.S. at 681). As explained in *Iqbal*, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." 556 U.S. at 679. All factual allegations and any reasonable inferences must be construed in the light most favorable to the nonmoving party. *Price v. Bd. of Educ. of City of Chicago*, 755 F.3d 605, 607 (7th Cir. 2014).

## ANALYSIS

Again, defendants move to dismiss Counts One, Two, and Four of Fares' Complaint. Fares does not object to the dismissal of Count Two. As such, Count Two is dismissed without prejudice. I will address the remaining claims in turn.

1. *Minimum Wage Claim (Count One)*

In Count One of her Complaint, Fares alleges that defendants failed to pay minimum wages pursuant to 29 U.S.C. § 206. (Compl. ¶¶ 99–105.) The FLSA imposes minimum hourly wages for employees who are "engaged in commerce or in the production of goods for commerce" or who are "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206(a). In order to properly plead an FLSA claim, a plaintiff must plead either that she is an employee who is engaged in commerce (individual-based coverage) or that her employer is an enterprise engaged in commerce (enterprise-based coverage). *See Torres v. Pallets 4 Less, Inc.*, No. 14 CV 4219, 2015 WL 920782, at *2 (N.D. Ill. Mar. 2, 2015). An employee is individually covered by the FLSA if her "work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Id.* (internal citations omitted). An employer is an enterprise covered by the FLSA if it (1) "has employees engaged in commerce or in the production of goods for commerce, or [ ] has employees handling, selling, or otherwise working on goods or

4

materials that have been moved in or produced for commerce by any person," and (2) its "annual gross volumes of sales made or business done is not less than $500,000." *Id.* (citing 29 U.S.C. § 203(s)(1)(A)(i-ii)). "If enterprise coverage applies, all of the enterprise's employees are protected under the FLSA, even if they are not personally involved in interstate commerce." *Id.* (internal quotation and citation omitted).

Defendants argue that Fares' FLSA claim must be dismissed because she cannot satisfy the statutory requirements for either individual or enterprise-based coverage. While Fares does allege that she was "an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207" (Compl. ¶ 18) and that defendants "have been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(r)(1) of the FLSA . . ." (*id.* ¶ 16), the defendants contend that Fares' allegations are merely conclusory and that she pleads no facts showing commerce activities. (Defs.' Br. in Supp. at 5, Docket # 11.) Furthermore, regarding their alleged enterprise liability, although defendants admit for purposes of this motion that it has gross annual sales of not less than $500,000 (*id.* at 11), they again argue that Fares' complaint fails to offer any specific facts indicating engagement in interstate commerce, (*id.* at 11–12).

Fares' allegations are clearly bare-bones regarding either her own, or defendants', engagement in interstate commerce. She does not allege, for example, that she entertained customers from out-of-state or somehow otherwise engaged in more than locally isolated activity. And one can certainly find authority from this Circuit dismissing a complaint for such threadbare recitals. *See, e.g.*, *Macias v. All-Ways, Inc.*, No. 16-CV-6446, 2017 WL 2278061, at *2 (N.D. Ill. May 25, 2017) (finding a "one-sentence allegation" that plaintiff

"handled goods that moved in interstate commerce" insufficient and collecting other, similar cases).

However, I am persuaded that the Court's approach in *Martinez v. Regency Janitorial Servs. Inc.*, No. 11-C-259, 2011 WL 4374458 (E.D. Wis. Sept. 19, 2011) is more prudent. In *Martinez*, the complaint alleged that "Defendants were and are subject to the overtime pay requirements of the FLSA because Defendants are an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b)." *Id.* at *5. The court found that while the allegation was "obviously [ ] bare-bones" and that "it would be preferable if the plaintiff offered more to substantiate this assertion," the court nonetheless concluded that the failure to present specific facts to support the allegation did not warrant dismissal of the complaint. *Id.* The court concluded that the question of whether the plaintiffs "will be able to muster sufficient proof to sustain this assertion is a hurdle they must clear as this litigation progresses" and there was "no reason to conclude that detailed factual allegations of the sort sought by the defendants are required at this very early stage." *Id.*; *see also Torres*, 2015 WL 920782, at *3 ("Whether Plaintiffs will be able to establish individual or enterprise-based coverage under the FLSA is a question more appropriately left for a Rule 56 motion after the parties have had the benefit of discovery."). For this reason, I find the complaint sufficiently alleges coverage under the FLSA.

Defendants also argue that the complaint fails to properly allege a minimum wage claim because Fares makes no allegations as to her actual earnings on which she bases her claim for failure to pay a minimum wage. (Docket # 11 at 5.) The Seventh Circuit has found that to survive a motion to dismiss for failure to state a claim, "a plaintiff alleging a federal minimum wage violation must provide sufficient factual context to raise a plausible

inference there was at least one workweek in which he or she was underpaid." *Hirst v. Skywest, Inc.*, 910 F.3d 961, 966 (7th Cir. 2018). Plaintiffs "need not necessarily plead specific dates and times that they worked undercompensated hours"; rather, "they must 'provide some factual context that will nudge their claim from conceivable to plausible.'" *Id.* (internal citation omitted). In § 206(a), the FLSA dictates a minimum hourly wage for employees. Fares' complaint alleges that while the entertainers worked on an hourly basis (Compl. ¶ 30), they received *no* hourly wage whatsoever (*id.* ¶¶ 33, 56, 58) while employed at OTB. The complaint sufficiently states a violation of § 206(a).

    2.    *Unlawful Taking of Tips Claim (Count Four)*

In Count Four, Fares alleges defendants violated 29 U.S.C. § 203(m) by keeping a portion of the entertainers' tips in the form of fees, fines, mandatory charges, and other payments to management, disc jockeys, and door men. (Compl. ¶¶ 120–34.) Defendants argue this claim must be dismissed because the FLSA does not provide a freestanding cause of action for "tipped employees" to recover damages from the improper administration of a tip pool. (Docket # 11 at 9.)

Defendants are correct. As another court in this circuit explained:

> The FLSA is "designed to protect workers from the twin evils of excessive work hours and substandard wages." *Howard v. City of Springfield, Illinois*, 274 F.3d 1141, 1148 (7th Cir. 2001). Its principal provisions, therefore, establish wage and hour standards. *See* 29 U.S.C. §§ 206, 207. Section 203(m) addresses the tip credit and tip pooling mechanisms. *See* 29 U.S.C. § 203(m). Section 203(m) does not, however, provide a freestanding cause of action for "tipped employees" to recover damages from the improper administration of a tip pool. Rather, "[i]f an employer improperly operates a tip pool, the employer cannot take the tip credit under either the FLSA or the IMWL." *Starr v. Chicago Cut Steakhouse, LLC*, 75 F. Supp. 3d 859, 864–65 (N.D. Ill. 2014) (citing implementing regulations and collecting cases). Courts in this Circuit routinely adjudicate FLSA disputes concerning "tipped employee" practices that are tethered to a minimum wage or overtime claim. *See, e.g.*, *Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971, 974 (7th Cir. 2011) (analyzing

FLSA allegations of improper tip pooling in the context of the "minimum wage and maximum hour provisions of . . . the FLSA"); *see also Driver v. AppleIllinois, LLC*, 890 F. Supp. 2d 1008, 1033 (N.D. Ill. 2012) (noting that an employer is "required to comply with the minimum wage requirements of . . . the FLSA" and regulations made thereunder regarding tipped employee practices); *Frebes v. Mask Restaurants, LLC*, No. 13 C 3473, 2013 WL 5290051, at *1 (N.D. Ill. Sept. 18, 2013) ("Plaintiffs allege that Defendants violated the FLSA and IMWL because food runners are not customarily tipped employees. Accordingly, Plaintiffs contend that Defendants did not pay them the required minimum wage").

> The Court is not aware, however, of any authority sustaining a standalone private cause of action for an alleged tip sharing violation under the FLSA, untethered to an alleged minimum wage or maximum hour violation. Furthermore, Plaintiffs have failed to identify any such support. The Court thus finds that Plaintiffs cannot dispute the Tip Splitting Policy—unrelated to a wage or overtime claim—under the guise of the FLSA. *See Trejo*, 795 F.3d at 448 (noting that the "the statutory language of the FLSA, including § 203(m), simply does not contemplate a claim for wages other than minimum or overtime wages") (citation and quotation omitted).

*Hughes v. Scarlett's G.P., Inc.*, No. 15-CV-5546, 2016 WL 454348, at *6 (N.D. Ill. Feb. 5, 2016). Fares' allegations are no different. Fares argues that the substance of her unlawful tip-taking claim is "similarly reflected in [her] fifth cause of action" and requests that if the Court finds Count Four insufficient, the claim be "merely deemed to be incorporated" into Count Five. (Docket # 15 at 11.) She cites no authority, however, for proceeding in this manner and I decline to amend Fares' complaint on her behalf to fashion an appropriate cause of action. Thus, Fares' fourth cause of action is dismissed with prejudice. Because no standalone cause of action exists for a violation of 29 U.S.C. § 203(m), it would be futile to allow amendment to repair this cause of action.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that defendants' motion for partial dismissal of plaintiff's complaint is **GRANTED IN PART AND DENIED IN PART**. Defendants' motion to dismiss plaintiff's minimum wage claim (First Cause of

8

Action) is denied. Defendants' motion to dismiss plaintiff's overtime wage claim (Second Cause of Action) is granted. Count Two is dismissed without prejudice. Finally, defendants' motion to dismiss plaintiff's unlawful taking of tips claim (Fourth Cause of Action) is granted. Count Four is dismissed with prejudice.

**IT IS FURTHER ORDERED** that the clerk's office will contact the parties to schedule a hearing regarding further scheduling in this case.

Dated at Milwaukee, Wisconsin this 10th day of September, 2021.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge