# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NOER FARES**, individually and on behalf of
all others similarly situated,

    Plaintiff,

    v.                                  Case No. 21-CV-753

**H, B, & H, LLC**, d/b/a On the Border
Gentlemen's Club, **GERALD HAY**, and
**DOES 1-10**,

    Defendants.

## DECISION AND ORDER ON PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES

Noer Fares files this collective action complaint against her former employer H, B, & H, LLC d/b/a On the Border Gentlemen's Club ("OTB"), Gerald Hay, and Does 1-10 (collectively "the defendants") for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. (Docket # 1.) In answering Fares' complaint, the defendants pled eighteen affirmative defenses. (Docket # 20.) Currently before me is Fares' motion to strike the defendants' affirmative defenses. (Docket # 25.) In response to the motion, defendants agreed to withdraw the Third, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, and Eighteenth affirmative defenses. (Docket # 25-1.) Thus, Fares moves to strike the remaining affirmative defenses pursuant to Fed. R. Civ. P. 12(f)—the First, Second, Fourth, Eleventh, Twelfth, and Seventeenth. For the reasons below, Fares' motion is granted in part and denied in part.

## APPLICABLE RULE

Pursuant to Rule 12(f), the Court can strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *Delta Consulting Group, Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). "Affirmative defenses will be stricken 'only when they are insufficient on the face of the pleadings.'" *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (quoting *Heller Fin. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)). "[B]ecause affirmative defenses are subject to the pleading requirements of the Federal Rules of Civil Procedure, they must set forth a 'short and plain statement' of all the material elements of the defense asserted; bare legal conclusions are not sufficient." *Id.* (citing *Heller*, 883 F.2d at 1294).

## ANALYSIS

Again, Fares moves to strike the defendants' remaining affirmative defenses: the First, Second, Fourth, Eleventh, Twelfth, and Seventeenth. I will address each affirmative defense in turn.

### 1. *Affirmative Defense One – Lack of Subject Matter Jurisdiction*

Fares asserts subject matter jurisdiction under 28 U.S.C. § 1331 because the action arises under the FLSA. (Compl. ¶ 23.) In their first affirmative defense, defendants allege that this Court may lack subject matter jurisdiction over some or all of the claims alleged in Fares' complaint. (Answer, Affirm. Def. ¶ 1, Docket # 20.) Fares argues that this affirmative defense must be stricken because the defense of lack of subject matter jurisdiction is properly brought under Fed. R. Civ. P. 12(b)(1). (Pls.' Br. at 3, Docket # 25.) Furthermore, Fares argues that the affirmative defense, as pled, is boilerplate, conclusory, and barebones. (*Id.*) Defendants counter that while the lack of subject matter jurisdiction *may* be brought in a

2

Case 2:21-cv-00753-NJ   Filed 12/07/21   Page 2 of 6   Document 31

Rule 12(b)(1) motion, it may also be asserted in a responsive pleading. (Defs.' Br. in Opp. at 3–4, Docket # 26.) Defendants further assert that it is their position that Fares and the putative class members were independent contractors and not employees; thus, the FLSA does not apply to the action. (*Id.* at 4.) If the FLSA does not apply, defendants argue that the Court may lack subject matter jurisdiction over some or all of Fares' surviving claims. (*Id.*)

In reality, all of Fares' alleged causes of action fall under the FLSA; thus, if the FLSA does not apply, there are no remaining claims at issue. And because a challenge to subject matter jurisdiction can be considered by the Court at any time, *see* Fed. R. Civ. P. 12(h)(3), it is unnecessary to plead it as an affirmative defense. Thus, defendants' first affirmative defense is stricken.

    2.    *Affirmative Defense Two – Failure to State a Claim*

In their second affirmative defense, defendants allege that Fares' complaint fails to state a claim upon which relief may be granted. (Answer, Affirm. Def. ¶ 2.) Fares argues that failure to state a claim is not an affirmative defense, but is properly brought under a Rule 12(b)(6) motion. (Pls.' Br. at 4.) Defendants argue that they are preserving their position that the complaint fails to state a claim. (Defs.' Br. at 4.)

Whether "failure to state a claim" can be properly asserted as an affirmative defense is unsettled within the Seventh Circuit. *Raquet v. Allstate Corp.*, 348 F. Supp. 3d 775, 785 (N.D. Ill. 2018). However, in this case, defendants *did* move to dismiss under Rule 12(b)(6), "thus obviating any need to contemporaneously plead 'failure to state a claim' as an affirmative defense." *See id.* Accordingly, defendants' second affirmative defense is stricken.

### 3. *Affirmative Defense Four – Statute of Limitations*

In defendants' fourth affirmative defense, they allege that Fares' and/or the individual putative class members' claims may be barred by the applicable statute of limitations. (Answer, Affirm. Def. ¶ 4.) Fares argues that this defense is boilerplate and fails to allege any facts supporting the assertion that Fares' claims are untimely. (Pls.' Br. at 4–5.) Statute of limitations is a defense that must be pled as an affirmative defense or it is waived. Fed. R. Civ. P. 8(c); *see also Venters v. City of Delphi*, 123 F.3d 956, 967 (7th Cir. 1997) ("Federal Rule of Civil Procedure 8(c) requires a defendant to plead a statute of limitations defense and any other affirmative defense in his answer to the complaint. The purpose of that rule, as courts have long recognized, is to avoid surprise and undue prejudice to the plaintiff by providing her notice and the opportunity to demonstrate why the defense should not prevail.").

While defendants' fourth affirmative defense is "barebones," it is unnecessary for defendants to plead more facts to give Fares proper notice and an opportunity to challenge the defense. The applicable statute of limitations under the FLSA is readily discernible, as are the facts underlying when Fares' claim accrues. Fares' motion to strike the fourth affirmative defense is denied.

### 4. *Affirmative Defense Eleven – Good Faith*

In the eleventh affirmative defense, defendants assert that they acted in good faith and upon a reasonable belief of compliance with the FLSA and applicable federal laws. (Answer, Affirm. Def. ¶ 11.) Fares argues that this defense is boilerplate, conclusory, and barebones as defendants fail to describe the circumstances by which they believed they complied with the FLSA and do not describe what other "applicable federal laws" they are

referring to. (Pls.' Br. at 5–6.) Defendants state that this affirmative defense refers to liquidated damages under 29 U.S.C. § 260 with respect to plaintiffs' unpaid minimum wage claim. (Defs.' Br. at 5–6.) Section 260 provides that:

> [I]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.

While I agree the affirmative defense as pled does not contain facts in support of the defense, given the plaintiffs' allegations under the FLSA and the defendants' representation that the defense refers to § 260 with respect to plaintiffs' unpaid minimum wage claim, it is clear defendants do not intend to assert the good faith defense in relation to some other unnamed "applicable federal laws." To the extent defendants raise this defense to avoid liquidated damages, that will come after the parties conduct discovery, allowing plaintiffs to establish the factual basis of the defense. Given the purpose of pleading affirmative defenses is to avoid surprise and undue prejudice to the plaintiff, I find defendants' affirmative defense eleven sufficient to accomplish that purpose. Plaintiffs' motion as to affirmative defense eleven is denied.

     5.    *Affirmative Defense Twelve – Accurate Compensation*

In their twelfth affirmative defense, defendants allege that Fares and the putative class members were accurately compensated. (Answer, Affirm. Def. ¶ 12.) Fares argues this affirmative defense is boilerplate, barebones, and conclusory. (Pls.' Br. at 6.) Defendants counter that it is their position that the FLSA does not apply to this action because plaintiffs were independent contractors and as such, they *were* accurately compensated as independent contractors. (Defs.' Br. at 6.) It is unclear to me why this needs to be asserted as an

affirmative defense. It is an argument related to defendants' general assertion that the FLSA does not apply. It will be necessary for plaintiffs to prove the applicability of the FLSA. If the FLSA does not apply, how plaintiffs were compensated is irrelevant for purposes of this case. Thus, affirmative defense twelve is stricken.

      6.    *Affirmative Defense Seventeen – Failure to Mitigate*

In their seventeenth affirmative defense, defendants assert that plaintiffs may have failed to mitigate their damages. (Answer, Affirm. Def. ¶ 17.) Again, Fares argues this affirmative defense is boilerplate, barebones, and conclusory. (Pls.' Br. at 6.) This is a very commonplace affirmative defense, the facts of which may be developed during discovery. Defendants need not allege more facts at this juncture to properly place Fares on notice that defendants will attempt to offset any damages based on a failure to mitigate. Fares' motion to strike affirmative defense seventeen is denied.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Fares' motion to strike defendants' affirmative defenses (Docket # 25) is **GRANTED IN PART AND DENIED IN PART**. Affirmative defenses One, Two, and Twelve are stricken. Affirmative defenses Four, Eleven, and Seventeen remain.

Dated at Milwaukee, Wisconsin this 7th day of December, 2021.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge