# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

NOER FARES, individually and on behalf of
all others similarly situated,

    Plaintiff,

  v.                                      Case No. 21-CV-753

H, B, & H, LLC, d/b/a On the Border
Gentlemen's Club, GERALD HAY, and
DOES 1-10,

    Defendants.

## DECISION AND ORDER ON PLAINTIFF'S
## MOTION FOR CONDITIONAL CLASS CERTIFICATION

In this putative class and collective action, Noer Fares, an exotic dancer formerly employed by H, B, & H, LLC d/b/a On the Border Gentlemen's Club ("OTB"), Gerald Hay, and Does 1-10 (collectively the "defendants"), alleges that defendants maintained several policies in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and 29 C.F.R. § 531.35. Fares seeks to certify a conditional class of similarly situated dancers employed by defendants from approximately 2018 to 2021. For the reasons explained below, Fares' motion to conditionally certify the class is granted. The Court authorizes notice to be sent to putative class members; however, with revisions to the proposed notice as described in this decision. Fares' motion to toll the statute of limitations is denied.

## BACKGROUND

*The Parties*

H, B, & H, LLC d/b/a On the Border Gentlemen's Club is an adult-orientated entertainment facility located at 10741 S. 27th Street in Franklin, Wisconsin. (Compl. ¶ 25, Docket # 1.) Gerald Hay is one of the managers/owners of OTB. (*Id.* ¶ 12.) The named plaintiff in this case is Noer Fares. Fares alleges that she was employed as an exotic dancer/entertainer at OTB from approximately June 2018 until May 2021. (Compl. ¶¶ 29, 50.)

*Alleged FLSA Violations*

Fares alleges that defendants engaged in a scheme to deny minimum wage payments by misclassifying Fares and other dancer/entertainers as independent contractors when they were in fact employees. (Pl.'s Br. at 12, Docket # 27.) She further alleges that defendants illegally absconded with tips and demanded illegal kickbacks in the form of "house fees." (*Id.*)

## DISCUSSION

1. *Legal Standard for Conditional Certification*

The FLSA permits collective action "against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Unlike a typical class action suit under Fed. R. Civ. P. 23, where an unwilling plaintiff must "opt out" of the class, a class action pursuant to Section 216(b) of the FLSA requires employees or former employees to "opt in" to the class, by filing a written consent to join the action. *Woods v. N.Y. Life Ins. Co.*, 686 F.2d 578, 579–80

(7th Cir. 1982) (explaining differences between collective action under the FLSA and class action certified pursuant to Rule 23). District courts may, in their discretion, facilitate notice to potential plaintiffs to a FLSA collective action, to implement this "opt in" procedure. *See Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989); *Woods*, 686 F.2d at 580. "The critical inquiry in determining whether a court should exercise its discretion to authorize the sending of notice to potential plaintiffs is whether the representative plaintiff has shown that she is similarly situated to the potential class plaintiffs." *Austin v. CUNA Mut. Ins. Soc.*, 232 F.R.D. 601, 605 (W.D. Wis. 2006).

"Neither the FLSA, the Supreme Court, nor the Seventh Circuit has provided guidance on how the court is to determine whether the representative plaintiff is 'similarly situated' to the potential plaintiffs. However, district courts in the Seventh Circuit have adopted a two-step approach." *Mares v. Caesars Entertainment, Inc.*, No. 06-CV-60, 2007 WL 118877, at *2 (S.D. Ind. Jan. 10, 2007); *see also Bitner v. Wyndham Vacation Resorts, Inc.*, 301 F.R.D. 354, 357 (W.D. Wis. 2014) ("[M]ost courts, including this one, apply a two-step approach to certifying collective actions."). The first step is conditional certification. Although conditional certification is not a "mere formality," a plaintiff need only make "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Bitner*, 301 F.R.D. at 357 (internal quotations and citations omitted). This standard is "fairly lenient"; it does not involve adjudicating the merits of the claims, nor does it entail the kind of rigorous analysis typical of class certification under Fed. R. Civ. P. 23. *Id.* (internal quotations and citations omitted).

3

In determining whether plaintiffs have met their burden, "'courts rely on the complaint and any affidavits that have been submitted.'" *Id.* at 357–58 (quoting *Austin*, 232 F.R.D. at 606). Although there is no formula for the type or amount of evidence necessary to make the modest factual showing, in this district, plaintiffs generally put forth multiple declarations from putative class members and/or deposition testimony from the parties. *See, e.g.*, *Aguilera v. Waukesha Memorial Hospital, Inc.*, No. 13-CV-1245, 2014 U.S. Dist. LEXIS 114418, *13 (E.D. Wis. Aug. 18, 2014) (certifying class where plaintiffs' allegations were supported by the declarations of three putative plaintiffs and the deposition testimonies of several managerial representatives from defendant); *Brabazon v. Aurora Health Care, Inc.*, No. 10-CV-714, 2011 U.S. Dist. LEXIS 37057, *10 (E.D. Wis. Mar. 28, 2011) (finding plaintiff made a modest factual showing when he supported his allegations with the declarations of nine putative plaintiffs and the deposition testimony of several of the defendant's corporate representatives).

Some courts in this circuit have found that for purposes of conditional certification, factual disputes should be resolved in the plaintiff's favor. *See, e.g.*, *Bitner*, 301 F.R.D. at 358; *Berndt v. Cleary Bldg. Corp.*, No. 11-CV-791, 2013 WL 3287599, *7 (W.D. Wis. Jan. 25, 2013) ("[W]here the parties' evidentiary submissions directly conflict, they will be resolved—for purposes of this order only—in plaintiffs' favor"). Other courts, however, have found that the court is not required to accept the plaintiffs' allegations as true. *See, e.g.*, *Martinez v. Regency Janitorial Servs.*, No. 11-CV-259, 2012 U.S. Dist. LEXIS 8941, *4 (E.D. Wis. Jan. 26, 2012) ("While the court need not resolve the substantive merits of the plaintiffs' claims at this preliminary stage, the court is not required to accept the plaintiffs

allegations as true."); *Howard v. Securitas Sec. Servs.*, USA, 2009 U.S. Dist. LEXIS 3913, *10 (N.D. Ill. Jan. 20, 2009) ("In making a determination as to similarity, the court need not accept the plaintiff's allegations as true as it would with a motion to dismiss."). If the plaintiff satisfies this initial burden, the court conditionally certifies a class and authorizes notice to potential class members and the parties conduct discovery. *Kelly v. Bluegreen Corp.*, 256 F.R.D. 626, 629 (W.D. Wis. 2009).

The second step of the process occurs at the close of discovery, upon a motion for decertification from the defendant. *Bitner*, 301 F.R.D. at 358. At that point, "the court determines whether the plaintiffs are in fact similarly situated to those who have opted in." *Kelly*, 256 F.R.D. at 629. If "it becomes clear that the case is not suitable for collective treatment, the court then decertifies the collective action." *Bitner*, 301 F.R.D. at 358.

    2.    *Application to this Case*

        2.1    Conditional Class Certification

Again, at this first stage—conditional class certification—the inquiry is whether Fares has shown that she is similarly situated to the potential class plaintiffs. In other words, whether she and the other potential plaintiffs together were victims of a common policy or plan that violated the law. *See Bitner*, 301 F.R.D. at 357. The crux of defendants' argument against conditional class certification is that defendants are not subject to the FLSA. First, they argue that Fares makes nothing more than conclusory allegations that the employees are engaged in "commerce" under the statute. (Defs.' Br. in Opp. at 5–6, Docket # 29.) Second, defendants argue that Fares and putative plaintiff Janei Rice are not similarly

5

situated because Fares was an independent contractor at OTB while Rice was on the payroll. (*Id.* at 6–8.)

Both parties offer conflicting declarations in support of their respective positions. Fares avers that she was paid no wages for her work and that defendants dictated how she and all of the other dancers performed their work. (Declaration of Noer Fares ¶¶ 6–8, Docket # 27-2.) Fares also submits Rice's declaration, in which she similarly avers that she was not paid wages for her work and that defendants controlled how she and all of the other dancers performed their work. (Declaration of Janei Rice ¶¶ 4, 6–8, Docket # 27-3.)

In contrast, defendants present the declaration of Brian Hopkins, OTB's general manager, who avers that dancers at OTB have the option to work as independent contractors or employees on payroll and that the dancers have control over their work. (Declaration of Brian Hopkins ¶¶ 3–12, Docket # 30.) Hopkins further states that Fares was engaged as an independent contractor while Rice was on OTB's payroll. (*Id.* ¶ 13.)

The parties present two competing versions of the case that will need to be resolved—but not at this juncture. Defendants' arguments are a repackaging of their motion to dismiss arguments, which were rejected. Again, at this initial stage, "[t]he court does not make merits determinations, weigh evidence, determine credibility, or specifically consider opposing evidence presented by a defendant." *Rosebar v. CSWS, LLC*, No. 18 C 7081, 2020 WL 43015, at *3 (N.D. Ill. Jan. 3, 2020) (quoting *Bergman v. Kindred Healthcare, Inc.*, 949 F. Supp. 2d 852, 855-56 (N.D. Ill. 2013)). Defendants acknowledge as much. (*See* Defs.' Br. at 6–7 ("At the same time, while maintaining that position, On the Border acknowledges that at this stage, the Court does not resolve factual disputes or decide substantive issues going to the merits.")) I previously determined that the issue of whether plaintiffs are employees or

6

independent contractors is more properly raised in a Rule 56 summary judgment motion after discovery has been completed. (Docket # 18 at 6.) As such, defendants' contention that the plaintiffs are actually independent contractors and thus defendants are not subject to the FLSA is an insufficient basis on which to deny conditional class certification.

Defendants further argue that the very question of whether one is an employee or an independent contractor is an individualized, fact-specific inquiry inappropriate for class resolution. (Defs.' Br. at 7–8.) Other courts in this circuit, however, have rejected this same argument at the conditional class certification stage, again, because whether one is an employee or independent contractor is a merits issue not considered at the conditional class certification stage. *See, e.g.*, *Woods v. Club Cabaret*, Inc., 140 F. Supp. 3d 775, 783 (C.D. Ill. 2015).

Although conditional class certification is not a "mere formality," Fares has met her modest factual showing that she and the putative plaintiffs were victims of a common policy that violated the FLSA. Fares alleges that she and the putative class members worked at a single location owned and operated by the defendants. Both Fares' and Rice's declarations establish that they performed the same job duties and were subjected to the same working conditions and compensation. Both allege that defendants engaged in the common practice of treating all of the dancers at OTB as independent contractors to deprive them of hourly wages. As one court in this circuit stated when presented with a motion for conditional class certification under similar circumstances:

> If these class members are not similarly situated, it is hard to imagine that a class could ever be conditionally certified, which may also explain why classes were conditionally certified in twenty-five of the twenty-seven cases [involving exotic dancers] cited, *supra*." *Woods v. Club Cabaret, Inc.*, 140 F. Supp. 3d 775, 781-82 (C.D. Ill. 2015) (citing dozens of cases conditionally

7

> certifying collectives of exotic dancers making similar FLSA claims against the owners of their establishments).

*Rosebar*, 2020 WL 43015, at *3. Thus, Fares' motion for conditional class certification is granted and the following class is conditionally certified:

> All of Defendants' current and former exotic dancers/entertainers who worked at On The Border Gentlemen's Club in Franklin, Wisconsin at any time starting three years before this Complaint was filed.

### 2.2 Equitable Tolling

Section 255(a) of Title 29 provides a statute of limitations of two years (extended to three years on a finding of willfulness) for claims under the FLSA. Generally, in a FLSA collective action, the filing of a lawsuit does not toll the statute of limitations for all putative class members and the statute runs until a class member files his or her personal opt-in consent form. 29 U.S.C. § 256(b). A court may equitably toll the statute of limitations where (1) the party has diligently pursued his or her rights and (2) some extraordinary circumstance stood in the way and prevented timely filing. *Bitner*, 301 F.R.D. at 363 (citing *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013)). Although the Seventh Circuit has not definitely ruled on this issue in the context of FLSA claims, "it has held in other contexts that equitable tolling is to be 'used sparingly, reserved for those situations in which extraordinary circumstances prevent a party from filing on time.'" *Id.* (quoting *Wilson v. Battles*, 302 F.3d 745, 749 (7th Cir. 2002)).

In this case, Fares requests that the statute of limitations applicable to the FLSA claims be tolled for potential opt-ins from the date the class is conditionally certified until the time the notice period ends. (Pl.'s Br. at 12, 24.) Fares argues that equitable tolling is

8

necessary in this case because without it, numerous potential collective class members will lose their claims due to nothing more than the passage of time. (Pl.'s Br. at 22–24.)

Fares has not demonstrated that equitable tolling is appropriate or necessary at this juncture. As Fares acknowledges, district courts in this circuit have equitably tolled the FLSA statute of limitations after entry of a stay order, while an appeal is pending, or because of lengthy delays in motions for conditional certification. (Pl.'s Br. at 14.) None of those circumstances are present here. This case has been pending a little over six months. There is ample time for putative class members to opt in to the class, even under the shorter two-year statute of limitations. Thus, I will not grant Fares' request for equitable tolling at this time.

### 2.3 Class Notice

A district court has wide discretion to manage collective actions, *Alvarez v. City of Chicago*, 605 F.3d 445, 449 (7th Cir. 2010), including drafting of the notice sent to putative class members. Fares files a proposed notice to send to putative class members and requests that the notice be mailed, emailed, and sent via text message to all of the dancers at OTB who have been classified as non-employees. (Pl.'s Br. at 11.) Fares also requests that the notice be posted in a public location near the public entrance of OTB, in the dancers' dressing rooms, and on OTB's website and social media accounts. (*Id.*) She requests that text messages include the following statement: "Federal Court Approved Text Message for Potential Claim Against OTB," that the notice period be 90 days, and that she be authorized to send a reminder to those who have not yet opted in within 30 days of the first notice mailing. (*Id.* at 11–12.)

Defendants have several objections to the proposed notice provided by Fares. First, they object to the notice stating that OTB *contends* that the dancers are properly classified as independent contractors rather than employees. (Defs.' Br. at 9.) Defendants again argue that they are not subject to the FLSA as to the dancers who *are* independent contractors. (*Id.*) Again, this is an issue on the merits that is not decided at this juncture. Nothing in the notice regarding the summary of the allegations is misleading.

Second, defendants object to any language in the notice that it is "court authorized," arguing that it may give the appearance of judicial endorsement. (Defs.' Br. at 9–10.) "In 'oversee[ing] the notice-giving process,' the Court 'must take care to avoid even the appearance of a judicial endorsement of the merits of the action.'" *Russell v. Illinois Bell Tel. Co.*, 575 F. Supp. 2d 930, 938 (N.D. Ill. 2008) (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989)). Given the court's caution against the appearance of judicial endorsement, and given the language "Federal Court – Authorized" does not assist in explaining the class action procedure, I agree that this language should be removed from the notice. It appears in the title, in the first paragraph, and in the last sentence. All of the language appears in bold. (Docket # 27-1.) I order that this language be removed.

Third, defendants object to the notice's statement that: "You may also be asked to be a witness or to provide evidence in the case, although not all employees who submit a consent form will be required to do so." Defendants argue that whether one acts as a witness or provides evidence is up to the defendants and the notice cannot state that the opt-in plaintiffs will not be required to do so. (Defs.' Br. at 10.) I agree that this statement is misleading. It is more accurate to simply state that "You may also be asked to be a witness

10

or to provide evidence in the case." I also order that the notice be revised to remove the second part of that sentence.

Finally, defendants object to allowing transmission of the notice via email and text message rather than simply by first class mail, as these methods create more opportunity for alteration or addition to the notice. (*Id.*) Defendants further argue Fares provides no justification for publishing the notice on OTB's social media sites or posting the notice near the club's entrance and by the dressing rooms. (*Id.* at 10–11.) I agree. Some courts have allowed communication of the notice via text message in cases involving exotic dancers. For example, in *Rosebar*, the court allowed transmission of the notice via text because the plaintiffs argued that the defendants communicated with the dancers almost exclusively via text message and typically kept records including only the dancers' first names or stage names. 2020 WL 43015, at *3. Plaintiffs further argued that dancers often preserve their anonymity by withholding their addresses, personal email addresses, and real names from employers. *Id.* Given these facts, the court concluded that "[c]ommon sense dictates that the transitory nature of dancing jobs makes notice via text message entirely appropriate." *Id.*

Although these same facts could be true in Fares' case, she has made no argument as to why communication via email and text message is appropriate or necessary. I agree that these methods of communication are more susceptible to alteration of the notice and in the absence of good reason to do otherwise, I find it more prudent to send the notice via first class mail. If, however, OTB does not have the last known mailing address of the dancer, but does have the dancer's last known email address and/or phone number, then Fares may send the notice via one of these alternative means. Any electronic notice, however, must not contain language that it is a "Federal Court Approved" communication. Fares also requests

11

to mail, email, or text individuals who have not yet opted-in a reminder within 30 days of the first notice mailing. Defendants do not specifically dispute this request. To increase the chance of putative class members being informed of the lawsuit, I will allow Fares to send reminder communications. The communications, however, should be via the same method the original communication was sent (i.e., if the original notice was mailed, the reminder notice should also be mailed).

Similarly, Fares provides no explanation as to why the notice should be posted to OTB's website, social media sites, near the club's entrance, or in the dressing rooms. As to the website, social media sites, and the club entrance, this seems more likely to provide notice to customers that a lawsuit has been filed against the business rather than give notice to the dancers. Furthermore, customers may not understand the nature of the notice, which could prejudice the business. There is no harm, however, in posting the notice in the dancers' dressing rooms, provided that they are not visible to customers.

Defendants do not object to Fares' request to produce a list of dancers within ten (10) days of this Order, nor do they object to setting a notice period of 90 days. (Pl.'s Br. at 12.) Thus, these requests are granted.

## CONCLUSION

For the reasons stated above, Fares' motion to conditionally certify class is granted. The following class is conditionally certified:

> All of Defendants' current and former exotic dancers/entertainers who worked at On The Border Gentlemen's Club in Franklin, Wisconsin at any time starting three years before this Complaint was filed.

Fares is authorized to send out the notice, consistent with the changes specified in this decision. Finally, I decline to equitably toll the statute of limitations for the putative class members.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's motion for conditional class certification (Docket # 27) is **GRANTED**. Plaintiff is authorized to send a class notice consistent with this opinion.

Dated at Milwaukee, Wisconsin this 7th day of January, 2022.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge